### DISSETTE v. CUTLER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Cline & Patterson, Cleveland, for Dissette.

Thompson, Hine & Flory, Cleveland, for Cutler Co.

**VICKERY, J.**

**CONTRACTS.**

(150 O) Where a real estate company's board of directors pass a resolution, by a majority vote, to issue to their attorney fully paid-up capital stock as compensation in full for past legal services rendered to the company, to which recompense the attorney assents, the proceedings constitute the making of a valid contract, binding upon the company.

**ATTORNEY AND CLIENT.**

(40 C2) A valid contract to issue fully paid-up stock as compensation for legal services cannot be avoided by a prior agreement, since anything taking place prior would be merged into or changed by the subsequent contract.

**CORPORATIONS.**

(160 Oa) A valid contract to issue fully paid-up stock as compensation for legal services cannot be avoided by a plea that, although the president of the company signed the contract, he was unaware of its contents, because an able business man cannot evade his responsibility by saying that he did not read a contract which he signed.

**DEBTOR AND CREDITOR.**

(210 A) A valid contract to issue fully paid-up stock as compensation for legal services rendered cannot be avoided by the plea of an accord and satisfaction, because, until there had been a satisfaction, neither party would be bound by the so-called accord.
(Sullivan, P. J., and Levine, J., concur.)

HISTORY:—Action in Common Pleas by Dissette v. Cutler Co. asking mandatory injunction to have transferred to him on books of Co. certain shares of stock. Heard on appeal. Decree for plaintiff.
For reference to full opinion, see Omnibus Index, last page, this issue.

### WOODWORTH v. BANNING et.

Ohio Appeals, 1st Dist., Hamilton Co.

Davies, Hoover & Beall, Cincinnati, for Woodworth.

Wm. J. Rielly and Lester A. Jaffe, Cincinnati, for Banning, et.

**CUSHING, J.**

**REAL ESTATE.**

(510 Dh) Plaintiff's amended petition for an accounting and nullification of deed, alleging that deed given in December, 1921, by her attorney, who held only equitable title, was by design an unlawful appropriation of her property, held not to charge fraud, so as to bring action within four-year limitation, under 11224 GC., but merely to charge defendant with taking equitable title of vendor, and hence being

in equity, was within 10-year limitation provided by 11227 GC.
(Hamilton, P. J., and Mills, J., concur.)

HISTORY:—Action in Common Pleas by Woodworth v. Banning et al. for accounting and nullification of deed. Demurrer to plaintiff's amended petition sustained. Plaintiff brings error. Reversed and remanded. No action in Supreme Court prior to date of this publication.

For reference to full opinion, see Omnibus Index, last page, this issue.

### KETTENRING v. KETTENRING.

Ohio Appeals, 6th Dist., Lucas Co.

T. T. Shaw, Defiance, and Marshall, Melhorn, Marlar & Martin, Toledo, for plaintiff in error.

James Harrington Boyd, Toledo, for defendant in error.

**RICHARDS, J.**

**DIVORCE AND ALIMONY.**

(230 Aa) Judgment, in divorce action, unconditionally fixing amount of alimony and method of payment pursuant to contract of parties executed during pendency of the action, is not subject to modification after term, in the absence of fraud or mistake.

(230 Ae) Where amount of alimony was dependent on an adjudication to be made by court of Common Pleas granting divorce in accordance with amount of husband's annual gross income, court of Common Pleas of another county had no jurisdiction of action to recover alimony in so far as amount thereof was dependent on such adjudication.

(230 Ac) Where amount of alimony was absolutely fixed by agreement of parties and judgment of court and was not subject to change, Court of Common Pleas of another county had jurisdiction of action to recover accrued and unpaid amounts of judgment therefor.

(Williams and Lloyd, JJ., concur.)

HISTORY:—Action in Common Pleas by Julia Kettenring v. Chas. H. Kettenring and Un. Cent. Life Ins. Co. to recover alimony past due and unpaid. Judgment for Pltff. Chas. prosecuted error. Reversed and remanded. Motion to certify overruled by Supreme Court.

For reference to full opinion, see Omnibus Index, last page, this issue.